IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN DONNELLE CODY                                                                    PLAINTIFF

v.                          Civil No. 6:09-cv-06016

MS. JACUELINE NEWBURN,
Jail Administrator, Clark County
Detention Center; TIM PATTERSON,
Chief Deputy; RICK LOY, Interim,
Jail Administrator, Clark County
Detention Center; and DAVID TURNER,
Sheriff, Clark County                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Defendants filed a motion for summary judgment (ECF Nos. 50, 51 & 52). Plaintiff has filed several responses to the motion (ECF Nos. 55, 56, 60, 62).[1] Defendants have also filed a reply brief (ECF No. 61).

Plaintiff is currently incarcerated in the Maximum Security Unit of the Arkansas Department of Correction located in Tucker, Arkansas. The events at issue in this case occurred while he was incarcerated in the Clark County Detention Center (CCDC). Specifically, Plaintiff maintains that he was subjected to unconstitutional conditions of confinement at the CCDC.

---

[1] ECF Nos. 55, 56 & 60 are all responses to the summary judgment quesitonnaire initially sent out by the Court on July 8, 2010. The first document (ECF No. 55) was signed by Plaintiff. The second document (ECF No. 56) was signed by Joshua Spittler and deals with his period of confinement at the CCDC. The third document (ECF No. 60) was signed by Charles Williams and deals with his period of confinement at the CCDC. The documents are signed under the penalty of perjury.

**1. Background**

Plaintiff filed this action in the Eastern District of Arkansas on February 24, 2009. The case was transferred to this Court on February 26, 2009.

When the complaint was filed, Plaintiff, who identified himself as "property of Clark County," was incarcerated in the Sheridan Detention Center. (ECF No. 2 at pg. 4). He alleges he was being "housed" at a facility with numerous unconstitutional conditions of confinement. *Id.* Specifically, he alleges he was subjected to the following unconstitutional conditions of confinement: bad heating, cooling, and plumbing; food with hair and other foreign objects in it; exposure to smoke from crack-cocaine, marijuana and tobacco products; easy smuggling of contraband including knives, cell phones, lighters, a small pistol, and wire cutters; physical and sexual assaults against inmates; under staffing with only one jailer for forty-seven inmates; retaliatory conduct including transfer to other detention facilities; overcrowding; and sleeping on the floor. On March 6, 2009, Plaintiff stated an inmate set fire to various objects causing Plaintiff and others to be exposed to smoke inhalation.

In response to the summary judgment motion, Plaintiff indicates he was incarcerated at the CCDC from March 20, 2008, until July 27, 2009. (ECF No. 55 at ¶ 1(A)). He indicates he was a pretrial detainee until he was convicted on July 13, 2009. (ECF No. 55 at ¶ 1(B)). He states he was transferred to the Arkansas Department of Correction on July 27, 2009. *Id.* Defendants have submitted no information regarding the periods of time when Plaintiff was confined in the CCDC.

With respect to the conditions at the CCDC, Plaintiff indicates the temperature in the cell block varied was from warm to hot. (ECF No. 55 at ¶ 2). Inmates were not allowed to remove clothing while in the day room. *Id.*

Meals were obtained from Baptist Health. (ECF No. 55 at ¶ 4). Approximately twice a week, Plaintiff indicates he found hair or other foreign material including bone fragments in the food. *Id.*

at ¶ 5. While he states his diet was adequate, he indicates it was "hospital food" so everyone lost various amounts of weight. *Id.* at ¶ 4.

He was exposed to second hand smoke sixteen to eighteen hours a day. (ECF No. 55 at ¶ 6). As a result he suffered headaches, breathing problems, and chest pain. *Id.* On several occasions, Plaintiff states he had to be taken to the emergency room as a result. *Id.*

He asserts he feared for his life because inmates had ready access to knives, lighters, and cell phones. (ECF No. 55 at ¶ 7). Plaintiff indicates the dangerous conditions were made worse by overcrowding, under staffing, and the inability of the inmates to communicate with the jailer. *Id.* at ¶¶ 8-9. He indicates there was only one jailer and one dispatcher on duty each shift. *Id.* at ¶ 9. On two separate occasions, April 9, 2009, and July 19, 2009, Plaintiff states he was assaulted and suffered injuries as a result. *Id.* at ¶ 9.

He was able to send and receive mail. (ECF No. 55 at ¶ 10). He was allowed to shower twice a week. *Id.* at ¶ 11(A). Between showers, there was no access to hot water and the water merely dribbled out of the faucet. *Id.* at ¶ 11(B).

He received three meals a day and something to drink with each meal. (ECF No. 55 at ¶ 12). Between meals, he had access to drinking water. *Id.* at ¶ 13. He had a bunk or a mat to sleep on each night. *Id.* at ¶ 14.

With respect to the fire on March 6, 2009, Plaintiff alleges it was started by an inmate and they were exposed to smoke for two hours before the fire department brought in gas operated fans to blow out the smoke. (ECF No. 55 at ¶ 16). Plaintiff asserts that the fans only added more fumes to the air. *Id.*

His statements regarding the conditions are at least partially borne out by the statements of

Joshua D. Spittler (ECF No. 56) and Charles Williams (ECF No. 60).  Plaintiff has also submitted the affidavit of Justin Ewell (ECF No. 62) in support of his response.

### 2.  Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a summary judgment motion, the Court cannot weigh the evidence or resolve disputed issues of fact in favor of the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact.  To be material, a fact must affect the outcome of the suit under the governing law." *Torgerson v. City of Rochester*, 2011 WL 2135636, *16 (8th Cir. June 1, 2011)(internal quotation marks and citations omitted).

### 3. Arguments of the Parties

Defendants have moved for summary judgment pointing out that Plaintiff was incarcerated at the Sheridan Detention Center in Grant County at the time he filed the complaint.  They note his complaint is phrased in the current tense and argue that his conditions of confinement claims appear to stem from his incarceration at the Sheridan Detention Center rather than his incarceration in the CCDC.  Defendants maintain the complaint should be dismissed because:  (1) they have no control over the conditions at the Sheridan Detention Center; (2) any claims pertaining to the CCDC will be addressed in Plaintiff's other cases against Clark County, Civil No. 6:09-cv-06026 and Civil No. 6:10-cv-06014; and (3) they were not deliberately indifferent to Plaintiff's health and safety as it pertains to the issues surrounding the March 6, 2009, fire.

Plaintiff maintains he was subjected to unhealthy and dangerous conditions of confinement

and suffered various health problems as a result of the conditions. He maintains there are issues of fact that preclude summary judgment.

### 4. Discussion

I agree. On the record before me, there are clearly genuine issues of fact that preclude summary judgment. Defendants support their motion with no incident reports, booking documents, or affidavits. Instead, they rely almost completely on the complaint submitted by Plaintiff and its alleged ambiguities with respect to the facility at issue and the fact that Plaintiff's claims overlap those asserted in other cases.

It appears Defendants also mistakenly believe Plaintiff completed each of the three questionnaire responses. However, it is clear that Plaintiff completed the first one (ECF No. 55) and the other two (ECF Nos. 56 & 60) were completed by other inmates whose periods of incarceration overlapped to some extent the Plaintiff's. Thus, Defendants' reliance in their reply brief (ECF No. 61) on the statements made by other inmates is misplaced.

In contrast, Plaintiff has provided details regarding each of his claims. He has supported his response with detailed statements of two other former CCDC inmates. Plaintiff has also submitted the affidavit of Justin Ewell. (ECF No. 62). This affidavit, however, is conclusory merely stating that Ewell remembers "all mentioned in this summary judgment and can corroborate all contained" in it. *Id.*

### 5. Conclusion

I therefore recommend that the Defendants' summary judgment motion (ECF No. 50) be denied. The issue of whether this case should be consolidated with Plaintiff's two other cases will be addressed in a separate order.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 25th day of August 2011.**

                            /s/ Barry A. Bryant
                            HON. BARRY A. BRYANT
                            UNITED STATES MAGISTRATE JUDGE